■ In the Matter of ANONYMOUS. ST. CHRISTOPHER'S HOME, Petitioner; ROBERTA H. (ANONYMOUS), Respondent.—In a guardianship proceeding, petitioner, St. Christopher's Home, appeals from an order of the Surrogate's Court, Nassau County, dated September 18, 1974, which (1) denied its application for orders of guardianship and custody and (2) remanded the matter to the Family Court, New York County. Order affirmed, without costs. This is a proceeding brought by St. Christopher's Home under the provisions of section 384 of the Social Services Law to obtain the commitment, custody and guardianship of the infant so that the home will have the right to place the infant for legal adoption, subject to the approval of the court. Petitioner claims that respondent, the natural mother, had abandoned the child for the period of six months prior to the institution of this proceeding (see Social Services Law, § 384, subd 6). Respondent denies such abandonment. She refuses to consent to the placing of the child for adoption and asserts her desire for the return of the child. A finding that an infant is an "Abandoned child" requires, *inter alia,* that the child have been "left * * * without being visited * * * for a period of at least six months, by his parent * * * *without good reason"* (Social Services Law, § 371, subd 2, par [c]; [emphasis supplied]). Respondent does not deny that she did not visit her child for six months prior to the institution of this proceeding. She claims, however, that her failure to visit was excusable (i.e., with good reason) because she was then in Florida and, during that six-month period, both she and her father communicated with the home to assert their claim for the return of the child. The evidence showed that respondent's requests for visitation and her efforts to regain custody during the entire period of care

of the child by the home were dilatory. However, the home's own records demonstrate a systematic tendency to discourage the natural mother and to favor the foster family. Consonant with this desire, the home failed to make use of information in its files by which it easily could have ascertained respondent's whereabouts. It is clear, as found by the trial court, that the home was itself dilatory in the performance of its duty under sections 611 and 614 of the Family Court Act to "strengthen the parental relationship". There was no indication, other than the natural mother's failure to contact the home, that efforts to strengthen that relationship would be "detrimental to the moral and temporal welfare of the child" (Family Ct Act, § 611). There was no evidence of an emotional disturbance or sociopathology on the part of the natural mother which would contraindicate such efforts (cf. *Matter of Ray A. M. [Anonymous]*, 48 AD2d 161). Absent such factors, there was no excuse for the home's failure to encourage and strengthen the parental relationship. Accordingly, petitioner failed to sustain its burden of proving that the infant was an abandoned child. We agree that the trial court's finding that there was no abandonment was properly made without prejudice to the issue of the fitness of the natural mother to regain custody, and that the case should be remanded to the Family Court, which maintains continuing jurisdiction under the provisions of subdivision 10 of section 392 of the Social Services Law, for appropriate proceedings. Rabin, Acting P. J., Hopkins, Latham, Christ and Shapiro, JJ., concur.